**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIE ANNE RILEY, as special** | ) | |
| **administrator of the Estate of** | ) | |
| **ANTONIO HOPKINS, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 09 C 2267** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge Morton Denlow** |
| **COUNTY OF COOK; COOK COUNTY** | ) | |
| **SHERIFF THOMAS DART, in his** | ) | |
| **individual and official capacity; COOK** | ) | |
| **COUNTY DEPARTMENT OF** | ) | |
| **CORRECTIONS SUPERINTENDENT** | ) | |
| **DENNIS ANDREWS, in his individual and** | ) | |
| **official capacity; TAMARRE DONNER, a** | ) | |
| **correctional officer, in his individual and** | ) | |
| **official capacity; KENDEL MCVEY, a** | ) | |
| **correctional officer, in his individual and** | ) | |
| **official capacity; and BRAD SANDEFUR,** | ) | |
| **a correctional officer, in his individual and** | ) | |
| **official capacity.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Willie Anne Riley ("Plaintiff"), as the special administrator of the Estate of Antonio Hopkins ("Hopkins"), brings this civil rights action under 42 U.S.C. §§ 1981 and 1983 against the County of Cook, Cook County Sheriff Thomas Dart, Cook County Department of Corrections Superintendent Dennis Andrews, and correctional officers Tamarre Donner, Kendel McVey, and Brad Sandefur (collectively "Defendants"). Plaintiff alleges that Defendants violated Hopkins' civil rights while he was incarcerated at Cook County Jail in 2008, where he committed suicide. Plaintiff seeks compensatory and punitive

damages against all Defendants. Defendants now move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

## I. BACKGROUND

According to Plaintiff's Complaint, Hopkins was incarcerated at Cook County Jail on March 25, 2008 after being arrested in Iowa and subsequently extradited to Illinois. Pl.'s Comp. ¶ 14. On April 14, 2008, Hopkins was found in his cell hanging by his neck from a bed sheet. *Id.* at ¶ 15. Hopkins was pronounced dead by doctors at Mt. Sinai Hospital in Chicago later that day. *Id.* at ¶ 16.

Plaintiff's Complaint alleges eight counts. Counts I and II assert claims against the Cook County Department of Corrections Superintendent Dennis Andrews ("Andrews") and the Cook County Sheriff Thomas Dart ("Dart"), in their official and individual capacities. Plaintiff asserts that both Andrews and Dart were responsible for the care and management of prisoners in Cook County Jail and for establishing and implementing policy and procedures to protect suicidal prisoners. *Id.* at ¶¶ 19, 28. Plaintiff alleges that it was the custom, practice, and policy of Andrews and Dart to operate Cook County Jail in a manner deliberately indifferent to the risks to prisoners, and that Hopkins' death was a direct result of that indifference. *Id.* at ¶¶ 20-21, 29-30. Specifically, Plaintiff asserts that both Andrews and Dart "failed to institute suicide prevention practices pursuant to Constitutional required standards," including failing to provide: 1) appropriate suicide prevention policy/procedure; 2) suicide prevention education and training; 3) appropriate screening to assess suicide risk;

2

4) appropriate intervention procedures for suicides in progress; 5) appropriate notification, reporting, and review of suicides; and 6) appropriate cut-down tools to the staff for quick response to an attempted suicide by hanging. *Id.* at ¶¶ 23, 32. Plaintiff also alleges that both Andrews and Dart failed to adequately monitor the individual prisoners' cells. *Id.* at ¶¶ 24, 33.

Count III asserts a claim against the County of Cook ("County"). Plaintiff asserts that the County, through the Cook County Sheriff's Office and the Department of Corrections, is the policy maker with regard to Cook County Jail. Plaintiff asserts the County was responsible for the care and management of prisoners in Cook County Jail and for establishing and implementing policy and procedures to protect suicidal prisoners. *Id.* at ¶¶ 36-37. Plaintiff alleges that it was the County's custom, practice, and policy to operate Cook County Jail in a manner deliberately indifferent to Hopkins' needs, and that his death was a direct result of that indifference. *Id.* at ¶ 39. Specifically, Plaintiff asserts that the County "failed to institute suicide prevention practices pursuant to Constitutional required standards," including failing to provide: 1) appropriate suicide prevention policy/procedure; 2) suicide prevention education and training; 3) appropriate screening to assess suicide risk; 4) appropriate intervention procedures for suicides in progress; 5) appropriate notification, reporting, and review of suicides; and 6) appropriate cut-down tools to the staff for quick response to an attempted suicide by hanging. *Id.* at ¶ 41. Plaintiff also alleges that the County failed to adequately monitor the individual prisoners' cells as part of an obligation to keep them safe. *Id.* at ¶ 42.

3

In Counts IV, V, and VI, Plaintiff asserts claims respectively against corrections officers Tamarre Donner ("Donner"), Kendel McVey ("McVey"), and Brad Sandefur ("Sandefur"), in their official and individual capacities. Plaintiff alleges that Donner, McVey, and Sandefur acted alone and/or in concert to enable Hopkins to commit suicide in violation of his constitutional rights. *Id.* at ¶¶ 45, 48, 51.

In Counts I-VI, Plaintiff seeks compensatory damages from each individual Defendant in an amount in excess of $75,000. In Count VII, Plaintiff claims similar allegations against John Doe, an unknown Corrections Officer, who was terminated from the case on November 3, 2009. Dkt. 29. In Count VIII, Plaintiff seeks punitive damages from each individual Defendant, alleging they acted with malice or willfulness or with careless and reckless indifference to Hopkins' rights and safety.

Plaintiff filed her Complaint on April 14, 2009. Dkt. 1. Defendants filed the current motion to dismiss on July 6, 2009. Dkt. 14. On July 14, 2009, Judge Matthew Kennelly issued a minute order providing as follows: "[t]he Court has reviewed the memorandum in support of defendants' motion to dismiss and overrules argument II.b, in which defendants contend that the complaint fails to state a claim against the defendants in their individual capacities. The complaint alleges facts sufficient to state a claim against each of these defendants that is plausible on its face." Dkt. 17. The parties subsequently consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(a) (1). Dkt. 28. An oral argument on this motion was conducted on January 21, 2010.

## II. STANDARD OF REVIEW

Rule 12(b)(6) authorizes a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive dismissal, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In resolving a 12(b)(6) motion, a court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded facts as true and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Recent Supreme Court precedent has further clarified the requirements for a sufficiently-pled complaint. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Seventh Circuit has synthesized these requirements as follows: 1) the complaint must provide the defendant fair notice of the claims and the grounds thereof; 2) the factual allegations must rise above the "speculative" level, that is, not be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim;" and 3) in considering the plaintiff's factual allegations, courts should not accept abstract recitations of the elements of a cause of action or conclusory legal statements as adequate. *Brooks v. Ross*, 578 F.3d 574, 580-81 (7th Cir.2009). A court should also consider the complexity of the case when addressing whether a complaint alleges sufficient facts. *Tamayo*, 526 F.3d at 1083 (more complex cases may need a fuller set of facts to show relief is plausible).

## III. DISCUSSION

Defendants seek to dismiss all counts of Plaintiff's complaint for failure to state a claim. Defendants assert the following in support of their motion: 1) Count III should be dismissed because Cook County cannot be held liable for the alleged misconduct of the individual Defendants; 2) Counts I-II and III-IV should be dismissed to the extent that Plaintiff has not sufficiently pled a cause of action against Defendants in their official capacities;[1] and 3) claims for punitive damages against Defendants in their official capacities are improper.

### A.    Defendant County of Cook (Count III)

Defendants argue that Count III should be dismissed because it improperly names the County of Cook ("County") as a Defendant. Defendants contend the County has no direct or vicarious liability for the acts of the individual Defendants named in the Complaint.

The County can only be directly liable for violating a detainee's rights if it independently "maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). However, under Illinois law, it is the sheriff who is exclusively charged with the "custody and care" of the county jail. *See* 55 ILCS 5/3-6017; *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994) (discussing specific duties of sheriff with respect to operating county jail). Contrary to the allegations

---

[1] Defendants also raised the argument that Plaintiff did not sufficiently allege a cause of action against Defendants in their individual capacities, but that portion of the motion was denied by the district court on July 14, 2009. Dkt. 17. It is therefore no longer at issue.

in Plaintiff's Complaint, it falls within the purview of Dart's office, not the County, to implement the policies and procedures within Cook County Jail. *Ryan v. County of DuPage*, 45 F.3d 1090, 1092 (7th Cir.1995)*; DeGenova v. Sheriff of DuPage County,* 209 F.3d 973, 976 (7th Cir.2000) ("Illinois sheriffs have final policymaking authority over jail operations."). Furthermore, Illinois sheriffs are "independently elected officials not subject to the control of the county." *Ryan,* 45 F.3d at 1092. The County therefore cannot be directly liable for failure to establish and implement the policies and procedures raised in Plaintiff's Complaint.

Nor can the County be vicariously liable for the acts of Dart and his employees under a *respondeat superior* theory. *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir.1998); *Moy*, 640 N.E.2d at 928-29. Because the sheriff is an independently-elected official, he answers directly to the electorate and does not have a master/servant relationship with the county board. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Since the County cannot control the actions taken by Dart's office, it cannot be charged with vicarious liability. *Ryan,* 45 F.3d at 1092.

However, that does not entirely end the inquiry. Defendants concede that the County must remain a named party to the suit because it has a duty to indemnify the Sheriff's Office for official capacity claims. The Illinois Supreme Court, in response to a certified question from the Seventh Circuit on this precise issue, held that "[b]ecause the office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Carver v. Sheriff of LaSalle County*, 787 N.E.2d

127, 129 (Ill. 2003). The Seventh Circuit subsequently held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

Therefore, Defendant Cook County is entitled to a limited dismissal on this count. *See Mason v. County of Cook et al.*, 488 F. Supp. 2d 761, 766 (N.D. Ill. May 18, 2007). As it stands, Count III is improperly pled because it alleges liability on the part of the County for the acts of officials at Cook County Jail. However, the County cannot be entirely dismissed from the suit due to its duty to indemnify any official capacity claims.

Count III is therefore dismissed without prejudice with leave for Plaintiff to amend her Complaint naming the County of Cook as an indemnitor only.

**B.     Individual Defendants in Their Official Capacities (Counts I-II and IV-VI)**

Plaintiff has alleged official capacity liability on the part of all Defendants. An official capacity claim against a government official is akin to a suit against the government entity itself. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Thus, in order for government employees to be held liable in their official capacities for § 1983 violations, the plaintiff must show that the constitutional violation resulted from an official custom, policy, or practice. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978).

There are three methods by which a plaintiff can demonstrate an official policy or custom: "(1) an express policy that causes a constitutional deprivation when enforced; (2)

8

a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). When an entity has been deliberately indifferent and failed to implement appropriate policies to address known problems, including suicide prevention procedures in a county jail, it is actionable under *Monell*. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Boncher v. Brown County*, 272 F.3d 484, 486 (7th Cir. 2001).

It is further noted that the Supreme Court has expressly rejected a heightened pleading standard for § 1983 claims against a municipality. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993). Courts in this district have affirmed this principle post-*Twombly*. *See Eckert v. City of Chicago*, 2009 WL 1409707, at * 6 (N.D. Ill. May 20, 2009); *Jones v. Bremen High Sch. Dist.* 228, 2009 WL 537073, at *4 (N.D. Ill. Mar. 4, 2009). Thus, an official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

In this case, Defendants contend that Plaintiff's official liability claims against all Defendants are deficient. As to Counts I and II against Andrews and Dart, Defendants urge that they contain unsupported conclusions that Defendants acted with deliberate indifference by failing to maintain appropriate suicide prevention policies. However, given the above standards, the Court disagrees. Plaintiff's Complaint alleges that Andrews and Dart were

responsible for the care and management of the prisoners at Cook County Jail, and had policymaking authority to implement appropriate procedures to do so. Plaintiff further alleges that Andrews and Dart acted with deliberate indifference by failing to institute suicide prevention practices at Cook County Jail, and elaborates six specific examples of inadequate procedures as well as the failure to adequately monitor the jail cells. Plaintiff claims that Hopkins' suicide was the result of this direct indifference. Plaintiff has clearly gone beyond bare legal conclusions and provided Defendants with fair notice of the basis for her claim. Plaintiff's assertions are therefore sufficient to establish official capacity claims against Andrews and Dart.

However, with respect to Counts IV-VI against Officers Donner, McVey, and Sandefur, Defendants correctly point out that no policy, practice, or custom is alleged. Rather, Counts IV-VI assert that the individual officers willfully or recklessly enabled Hopkins to commit suicide, implicating individual capacity claims. Nor does the Complaint allege that Donner, McVey, or Sandefur acted with decision-making authority. Therefore, Plaintiff's claims against Donner, McVey, and Sandefur in their official capacities are insufficient under *Monell*.

For theses reasons, Counts I and II will remain, and counts IV-VI are dismissed as to the official capacity claims only.

**C.  Punitive Damages (Count VIII)**

Defendants point out, and Plaintiff concedes, that punitive damages against Defendants in their official capacities are not recoverable. *See City of Newport v. Fact*

*Concerts, Inc.*, 453 U.S. 247, 271 (1981). However, both parties agree that punitive damages may be sought against Defendants in their individual capacities. Therefore, Count VIII is dismissed only to the extent it seeks recovery of punitive damages from Defendants in their official capacities.

## IV. CONCLUSION

**For the reasons set forth in this opinion, the Court grants in part and denies in part Defendants' motion to dismiss. As to Counts I and II, Defendants' Motion to Dismiss is denied. As to Count III, Defendants' Motion to Dismiss is granted in part to the extent of the County of Cook's direct liability. Count III is therefore dismissed without prejudice with leave for Plaintiff to amend her Complaint naming the County of Cook as an indemnitor only. As to Counts IV-VI, Defendants' Motion to Dismiss is granted in part as to the official capacity claims against the individual officers; but denied pursuant to the district court's order that the individual capacity claims remain. As to Count VIII, Defendants' Motion to Dismiss is granted in part to the extent punitive damages are alleged against Defendants in their official capacities; but denied to the extent punitive damages are alleged against Defendants in their individual capacities.**

SO ORDERED THIS 27th DAY OF JANUARY, 2010

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

| | |
|---|---|
| Martin J. Lucas | James Charles Pullos |
| O'Connor & Nakos | Cook County State's Attorney's Office |
| 120 N. LaSalle | 500 Daley Center |
| Suite 3500 | Chicago, IL 60602 |
| Chicago, IL 60602 | |
| | |
| Counsel for Plaintiffs | Counsel for Defendant |